UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ABDIEL ECHEVERRIA and ISABEL SANTAMARIA,**

        **Plaintiffs,**

v.                                              **Case No: 6:12-cv-1360-Orl-28KRS**

**BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., TAYLOR, BEAN & WHITAKER MORTGAGE CORP., and MERSCORP, INC.,**

        **Defendants.**

_____/

## ORDER

Plaintiffs, Abdiel Echeverria and Isabel Santamaria, have filed *pro se* an eight-count Complaint (Doc. 2) against Defendants stemming from conduct related to the servicing and origination of Plaintiffs' mortgage loan. Bank of America, N.A. ("BOA"), BAC Home Loans Servicing, L.P. ("BAC"), and MERSCORP, Inc. ("MERS") have moved to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs have previously filed in this Court an action based on allegations that are virtually identical in substance to the allegations against them in this case. (Defs.' Mot. Dismiss, Doc. 7, at 5-10).

"[R]es judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). In the Eleventh Circuit, "a claim is precluded by the judgment in a prior case when (1) the prior

judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) 'both cases . . . involve the same causes of action.'" Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1306 (11th Cir. 2010) (quoting In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)). "Two cases are generally considered to involve the same cause of action if the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as the former one." Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1375-76 (11th Cir. 2011) (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)). "'Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Id. at 1376 (quoting Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1356 (11th Cir.1998)).

In Plaintiffs' earlier case, Echeverria v. BAC Home Loans Servicing, LP ("Echeverria I"), a court of competent jurisdiction rendered a final judgment on the merits. See Civil Action No. 6:10-cv-1933-Orl-28DAB, 2012 WL 5227015 (M.D. Fla. Oct. 22, 2012). BAC and BOA were defendants in Echeverria I, and although Plaintiffs did not name MERS in that case, Plaintiffs' allegations in both cases implicate MERS as BOA's agent in committing fraud. Id. The Court therefore finds MERS in privity with BOA for purposes of res judicata. See, e.g., Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502 (11th Cir. 1990) (noting that "[m]ost other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense"). The allegations in this case against Defendants BOA, BAC, and

MERS arise out of the same nucleus of operative fact as the allegations in Echeverria I. See Echeverria I, 2012 WL 5227015.  Accordingly, the doctrine of res judicata bars Plaintiffs from bringing this case against BOA, BAC, and MERS.  Plaintiffs' Complaint is therefore **DISMISSED** with prejudice as to BOA, BAC, and MERS.

As for Plaintiffs' claims against Taylor, Bean, and Whitaker ("TB&W"), the Court notes that TB&W filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida on August 24, 2009.  See In re Taylor, Bean & Whitaker Mortg. Corp., Case No. 3:09-bk-07047-JAF (Bankr. M.D. Fla. filed August 24, 2009). Defendants have brought to the Court's attention that the Bankruptcy Court issued an order enjoining claims against TB&W, (Opp. Pls.' Mot. Remand ¶ 3), and Plaintiffs have acknowledged that they intend to release TB&W as a defendant and seek permission from the Bankruptcy Court to bring claims against TB&W.  (Doc. 17 at 8).  Plaintiffs' claims against TB&W are therefore **DISMISSED** without prejudice.

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.
2. Plaintiffs' claims against BOA, BAC, and MERS are **DISMISSED** with prejudice.
3. Plaintiffs' claims against TB&W are **DISMISSED** without prejudice.
4. All other pending motions are **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on November 6, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties